UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

MARISA GREEN and MICHAEL E. GREEN,

         Plaintiffs,

v.

KARL H. RIDDAR and THOMAS F. MANLEY;

         Defendants.

_____

Case # _____

JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiffs MARISA GREEN and MICHAEL E. GREEN by and through their undersigned counsel, file this Complaint against KARL H. RIDDAR and THOMAS F. MANLEY, alleging in support thereof as follows:

### INTRODUCTION

1. Marisa and Michael E. Green, husband and wife, were passengers aboard the high speed Ferry IYANOUGH ("Ferry") when it allided into a rock jetty in the vicinity of Hyannis, Massachusetts. The Greens suffered serious injuries for which they continue to undergo medical treatment.

2. This lawsuit is brought against the Ferry's Master and First Officer in accord with the 46 U.S.C. §§ 30103 and 30512.

### JURISDICTION, LAW & VENUE

3. This Court's jurisdiction is invoked pursuant to the provisions of Title 28, United States Code § 1332, *et seq.* on the grounds the instant claims are brought by citizens of the State of Rhode Island against citizens of a different state and the claim for damages,

exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000. The herein Complaint is also within the admiralty and maritime jurisdiction of this Court which is an alternative basis for jurisdiction, but no Rule 9(h) election is made and Plaintiffs seek to prosecute their claims under this Court's diversity jurisdiction so as to preserve their right to a jury trial.

4. The General Maritime Law and, to the extent applicable, the common law and statutes of the United States and the State of Massachusetts apply to Count One and Two of this civil action.

5. Venue for this civil action is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

6. Although the facts underlying this Complaint arise out of a vessel allision which incident is the subject of the Ferry owner's Complaint for Exoneration from or Limitation of Liability currently pending in the U.S. District Court for the District of Massachusetts captioned <u>In the Matter of Woods Hole, Martha's Vineyard And Nantucket Steamship Authority for Exoneration From and/or Limitation of Liability</u>, C.A. # 1:17-cv-12473-NMC (hereinafter "SSA Lawsuit"), Plaintiffs submit this lawsuit is <u>not</u> subject to any stay issued therein and is a separate and independent action brought against the Master and/or Officer and/or Seaman of the Ferry on which the Greens were traveling as passengers when they were injured. The instant lawsuit makes <u>no</u> claim against nor seeks any recovery from the Petitioner in the SSA Lawsuit.

7. Marisa Green and Michael E. Green bring this lawsuit under 46 U.S.C. § 30103 and the exception set forth at 46 U.S.C. § 30512 preventing a master, officer and seaman from limiting their liability all in accord with the reasoning of <u>In re Brent Towing</u>, 414 F.

Supp. 131, 133 (N.D.Fla. 1975) ("[A]ny remedy which any party to the limitation proceeding may have against the masters, officers and crew of the m/v RUTH BRENT is reserved, and the claimants need no permission of the court to proceed against them . . . . ").

## PARTIES

8.  At all times material hereto, Marisa Green was and is a resident of the State of Rhode Island.

9.  At all times material hereto, Michael E. Green was and is a resident of the State of Rhode Island.

10. Upon information and belief, Defendant Karl H. Riddar is of lawful age and was and is a resident of the State of Massachusetts.

11. Upon information and belief, Defendant Thomas F. Manley is of lawful age and was and is a resident of the State of Massachusetts.

12. Upon information and belief, at all times material hereto, Defendants held the positions of Master and/or Officer and/or Mate and/or Seaman aboard the Ferry.

## GENERAL ALLEGATIONS

13. At all times material hereto, the Ferry was carrying passengers on navigable waters between ports located in the State of Massachusetts.

14. On or about June 16, 2017, and at all times material hereto, Michael E. Green was a lawful passenger aboard the Ferry.

15. On or about June 16, 2017, and at all times material hereto, Marisa Green was a lawful passenger aboard the Ferry.

16. At some point in the evening hours on or about June 16, 2017, and while making way and underway at a high rate of speed, the Ferry violently struck a rock jetty in the vicinity of Hyannis, Massachusetts ("Incident").

17. At the time of the Incident, Defendants were operating the 154' long, 33' wide Ferry weighing 563 Tons and powered by four MTU engines generating 9,400 horsepower at night and while traveling at, upon information and belief, 39 m.p.h. all in close proximity to the shoreline and harbor entrance with known obstructions while carrying passengers.

18. Upon information and belief, KARL H. RIDDAR was acting as the Ferry's Master (also sometimes referred to as the "Captain") at the time the Ferry struck the rock jetty.

19. Upon information and belief, THOMAS F. MANLEY was acting in the role of First-Mate (also sometimes referred to as the "Pilot") at the time the Ferry struck the jetty.

20. As a result of the violent impact between the Ferry and the rock jetty, Marisa Green suffered injuries including lacerations and a concussion and other serious injuries which are permanent or continuing in nature and she will suffer losses and impairments in the future.

21. As a result of the violent impact between the Ferry and the rock jetty, Michael E. Green suffered injuries to his back and other serious injuries which are permanent or continuing in nature and he will suffer losses and impairments in the future.

22. The damages and losses sustained by Plaintiffs were **not** caused or contributed to by any fault or negligence on their part.

## COUNT ONE

(*Negligence – All Defendants*)

23.     Plaintiffs reassert and re-allege the preceding paragraphs numbered 1-22 as if set out here in full.

24.     Defendants owed Marisa and Michael Green a duty to exercise the degree of care necessary in the operation of the Ferry so as to prevent injuries and losses to others.

25.     Defendants breached their duty to Marisa and Michael Green before and during the operation of the Ferry and were negligent, by committing the following acts or omissions:

  a.    Proceeding at an excessive speed under the circumstances;

  b.    Failing to properly monitor and plot vessel traffic by radar;

  c.    Failing to chart a proper course;

  d.    Failing to reduce speed in a close quarters situation;

  e.    Failing to properly maneuver the Ferry to avoid the allision;

  f.    Failing to keep and maintain a proper lookout

  g.    Failing to travel at a safe speed;

  h.    Failing to determine whether a risk of an allision existed;

  i.    Failing to maintain proper control of the Ferry;

  j.    Failing to exercise reasonable care under the circumstances and

  k.    In other and further ways as will be demonstrated at trial.

26. Defendants' negligence caused or contributed to the cause of the Ferry violently alliding with the rock jetty causing serious and extensive injuries to Marisa and Michael Green.

27. By reason of the Defendants' negligence, Plaintiffs were hurt and injured in their health, strength and activity, sustaining injuries to their body and shock and injury to their nervous system and persons, all of which said injuries have caused and continue to cause Plaintiffs great physical, mental and nervous pain and suffering.

28. By reason of Defendants' negligence, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat them, and did incur hospital medical, professional and incidental expenses; and upon information and belief Plaintiffs understand that by reason of their injuries they will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

29. As a further proximate result of Defendants' negligence as alleged herein, Plaintiffs have incurred, and will incur, loss of income, wages and other pecuniary losses, the exact amount of such expenses will be stated according to proof at the time of trial.

30. Plaintiffs' injuries, damages and losses are either permanent or continuing in nature and they will suffer losses into the future.

WHEREFORE, Plaintiffs Marisa Green and Michael E. Green demand judgment against Defendants Karl H. Riddar and Thomas F. Manley, jointly and severally, for all of their damages in an amount to be determined by a Jury in a sum not less than

$2,000,000.00 together with prejudgment interest, costs and, such other and further relief as this Court may deem just and proper.

## COUNT TWO

(*Statutory Liability of Master, Mate, Engineer, and Pilot – All Defendants*)

31. Plaintiffs reassert and re-allege the preceding paragraphs numbered 1-22 as if set out here in full.

32. Upon information and belief, at all times material hereto, Defendants were the Ferry's master, mate, engineer and/or pilot.

33. Pursuant to 46 U.S.C. § 30103, Plaintiffs Marisa and Michael Green bring this count against Defendants in their role as master, mate, engineer and/or pilot of the Ferry.

34. At all times material hereto, Plaintiffs Marisa and Michael Green suffered injuries caused by reason of the Defendants' negligence or willful misconduct or by reason of the Defendants' neglect or refusal to obey the laws governing the navigation of vessels including the Ferry on which Plaintiff Emily was injured.

35. By reason of the Defendants' negligence or willful misconduct or by reason of the Defendants' neglect or refusal to obey the laws governing the navigation of vessels, Plaintiffs were hurt and injured in their health, strength and activity, sustaining injuries to their body and shock and injury to their nervous system and persons, all of which said injuries have caused and continue to cause Plaintiffs great physical, mental and nervous pain and suffering.

36. By reason of Defendants' negligence, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for

and treat them, and did incur hospital medical, professional and incidental expenses; and upon information and belief Plaintiffs understand that by reason of their injuries they will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

37. As a further proximate result of Defendants' negligence as alleged herein, Plaintiffs have incurred, and will incur, loss of income, wages and other pecuniary losses, the exact amount of such expenses will be stated according to proof at the time of trial.

38. Plaintiffs' injuries, damages and losses are either permanent or continuing in nature and they will suffer losses into the future.

WHEREFORE, Plaintiffs Marisa Green and Michael E. Green demand judgment against Defendants Karl H. Riddar and Thomas F. Manley, jointly and severally, for all of their damages in an amount to be determined by a Jury in a sum not less than $2,000,000.00 together with prejudgment interest, costs and, such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiff Marisa Green and Plaintiff Michael E. Green demand judgment against Defendants jointly and severally as follows:

    a.    For all damages available to Plaintiffs under the law in an amount not less than $2,000,000.00;

    b.    For an award of attorneys' fees and costs as legally permissible;

  c.  For prejudgment interest and the costs of suit; and

  d.  For such other, further or different relief as this Court may deem just and proper.


Dated:  February 22, 2019
     Middletown, Rhode Island

             Respectfully submitted,

             KARNS & KERRISON

             By: /s/ Robert T. Karns

             Robert T. Karns, Esq. (#260160)
             6 Valley Road
             Middletown, RI 02842
             (401) 841-5300
             robert@karnslaw.com
             *Attorneys for Marisa Green*
             *and Michael E. Green*

-- Of Counsel --

FULWEILER LLC
John K. Fulweiler, Esq.