UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 19-10345-NMG

**MARISA GREEN and MICHAEL E. GREEN,**
          **Plaintiff,**

VS.

**KARL H. RIDDAR and THOMAS F. MANLEY,**
          **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Now come the Defendants, Karl H. Riddar and Thomas F. Manley, in the above entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and make Answer to Plaintiffs' Complaint as follows:

## INTRODUCTION

1. The Defendants admit that Plaintiffs, Marisa and Michael E. Green, were passengers aboard the high-speed Ferry IYANOUGH when it allided into a rock jetty in the vicinity of Hyannis, Massachusetts. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1 and, therefore, deny each and every allegation contained in Paragraph 1.

2. The allegations contained in Paragraph 2 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny same each and every allegation contained in Paragraph 2.

## JURISDICTION, LAW & VENUE

3. The allegations contained in Paragraph 3 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 3.

4. The allegations contained in Paragraph 4 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 5.

6. The allegations contained in Paragraph 6 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 6.

7. The allegations contained in Paragraph 7 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 7.

## PARTIES

8. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, deny same.

9. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, deny same.

10. The Defendants admit the allegations contained in Paragraph 10.

11.     The Defendants admit that Thomas F. Manley is of lawful age, but denies the remaining allegations contained in Paragraph 11.

12.     The Defendants admit that Defendant, Karl H. Riddar, was the Master aboard the Ferry on June 16, 2017.  The Defendants deny the remainder of the allegations contained in Paragraph 12.

## GENERAL ALLEGATIONS

13.     The Defendants admit the allegations contained in Paragraph 13.

14.     The Defendants admit the allegations contained in Paragraph 14.

15.     The Defendants admit the allegations contained in Paragraph 15.

16.     The Defendants deny the allegations contained in Paragraph 16.

17.     The Defendants deny the allegations contained in Paragraph 17.

18.     The Defendants admit the allegations contained in Paragraph 18.

19.     The Defendants admit the allegations contained in Paragraph 11.

20.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, deny same.

21.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, deny same.

22.     The Defendants deny the allegations contained in Paragraph 22.

## COUNT ONE

### *(Negligence – All Defendants*)

23.     The Defendants reiterate and reaffirm their responses to the allegations contained in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

24.     The allegations contained in Paragraph 24 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 24.

25.     The Defendants deny the allegations contained in Paragraph 25, including subparts (a) through (k), inclusive.

26.     The Defendants deny the allegations contained in Paragraph 26.

27.     The Defendants deny the allegations contained in Paragraph 27.

28.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, deny same.

29.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, deny same.

30.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, deny same.

**WHEREFORE,** the Defendants pray that Plaintiffs' Count One be dismissed with prejudice together with costs and reasonable attorney's fees.

## COUNT TWO

*(Statutory Liability of Master, Mate, Engineer, and Pilot – All Defendants)*

31.     The Defendants reiterate and reaffirm their responses to the allegations contained in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

32.     The Defendants admit the allegations contained in Paragraph 32.

33.     The allegations contained in Paragraph 33 are statements of law to which no answer is required of these Defendants. To the extent that an answer is required, the Defendants deny each and every allegation contained in Paragraph 33.

34.     The Defendants deny the allegations contained in Paragraph 34.

35.     The Defendants deny the allegations contained in Paragraph 35.

36.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, deny same.

37.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, deny same.

38.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, deny same.

**WHEREFORE,** the Defendants pray that Plaintiffs' Count Two be dismissed with prejudice together with costs and reasonable attorney's fees.

### **AFFIRMATIVE DEFENSE**

Now come the Defendants, Karl H. Riddar and Thomas F. Manley, and incorporate the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that that all claims and defenses applicable to this action are governed by the General Maritime Law of the United States and the applicable comparative negligence principles.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Defendants state that the Plaintiffs have failed to state a cause of action upon which relief can be granted because they have failed to allege with sufficient specificity any negligent or improper action that caused Plaintiffs' alleged injuries. *Ashcroft v. Iqbal,* 556 U.S. 662, 667-78 (2009); *Haley v. City of Boston,* 657 F.3d 39, 45 (1st Cir. 2011).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiffs sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendants are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiffs sustained injury as alleged, which are specifically denied, those injuries were the result of an Act of God for which the Defendants are not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiffs were injured as alleged, which is specifically denied, it was due in whole or in part to the Plaintiffs' own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of their activities reasonably to be required of an individual of the Plaintiffs' experience and knowledge and not due to any negligence or fault on the part of the Defendants or any person or persons for whom the Defendants may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that the purported acts or omissions of Defendants were not the proximate cause of Plaintiff's alleged injuries, but said injuries, if any, were the result of other intervening and superseding causes for which Defendants are not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that if the Plaintiffs were injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the Defendants; that the damages claimed herein exceed the value of the vessel, including her pending freight;

and the Defendants herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the Defendants, 46 USCA, Appx. § 30501 et seq.; and the Defendants herewith claims benefit of any and all laws and statutes of Canada, including but not limited to, Part 3 of the Marine Liability Act which implements the 1976 Convention on Limitation of Liability for Maritime Claims and the 1996 Protocol with Canadian amendments and limits.; and the Defendants herewith claims benefit of any and all laws and statutes of the Commonwealth of the Bahamas, including but not limited to, Chapter 281 of the Merchant Shipping (Maritime Claims Limitation of Liability) Sections 1 et seq.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that the Plaintiffs have failed to mitigate their damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants state that the Plaintiffs' claims are barred by estoppel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the Defendants state that if liability is found in favor of the Plaintiffs, which is specifically denied, then the damages sustained must be reduced proportionately by the degree of negligence on the part of the Plaintiffs.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the Defendants state that the Complaint fails to state a cause of action upon which relief can be granted.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Defendants reserve its right to amend its Answer and to add additional defenses as discovery in this case unfolds.

**WHEREFORE,** the Defendants pray that Plaintiffs' Complaint be dismissed with prejudice together with costs and reasonable attorney's fees.

The Defendants claim **TRIAL BY JURY** on all issues so triable raised in Plaintiffs' Complaint, Defendant's Answer, and Affirmative Defenses contained herein with the exception of Limitation of Liability which is unique for the Court's determination.

By their attorneys,

**CLINTON & MUZYKA, P.C.**


*"/s/ Thomas J. Muzyka"*
**Thomas J. Muzyka**
**BBO#:  365540**
**Robert E. Collins**
**BBO#: 555843**
88 Black Falcon Avenue
Suite 200
Boston, MA  02210
Tel#: (617)  723-9165
Fax#:  (617) 720-3489
tmuzyka@clinmuzyka.com
rcollins@clinmuzyka.com


**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 24, 2019**.**



*"/s/ Thomas J. Muzyka"*
**Thomas J. Muzyka**